UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | ~~[Proposed]~~ **Protective Order** |
| v. | 21 Cr. 609 (LAP) |
| ADEDAYO JOHN,<br>OLUWADAMILOLA AKINPELU,<br>KAZEEM RAHEEM,<br>MORAKINYO GBEYIDE,<br>WARRIS ADENUGA,<br>    a/k/a "Blue,"<br>SMART AGUNBIADE,<br>LATEEF GOLOBA,<br>SAMSONDEEN GOLOBA,<br>OLAWALE OLANIYAN,<br>OLAWOYIN PETER OLAREWAJU, and<br>EMMANUEL ORONSAYE-AJAYI, | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Confidential Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants

or their counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court. Any material designated as Sensitive Disclosure Material shall also be deemed Confidential Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material and Sensitive Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material or Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material or Sensitive Disclosure Material to the media or any third party except as set forth below.

2. Confidential Material that is not Sensitive Disclosure Material may be disclosed by counsel to:

   a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    b. Prospective witnesses and attorneys for any prospective witness for purposes of defending this action.

    c. The defendants; and

    d. Such other persons as hereafter may be authorized by the Court.

3. Sensitive Disclosure Material may be disclosed by counsel to:

    a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    b. Prospective witnesses and attorneys for any prospective witness for purposes of defending this action;

    c. **The defendants for review in the presence of defense counsel for purposes related to this case, and the defendants shall not maintain, retain, or keep copies of any records containing Sensitive Disclosure Material outside of the presence of counsel**; and

    d. Such other persons as hereafter may be authorized by the Court.

4. The Government may authorize, in writing, disclosure of Confidential Material or Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any Confidential Material or Sensitive Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for Confidential Material or Sensitive Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material or Sensitive Disclosure Material, including the seized ESI

Confidential Material or Sensitive Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision is subject to any applicable obligations to retain client files under the New York Rules of Professional Conduct.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material or Sensitive Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material or Sensitive Disclosure Material has been disclosed to which such persons.

8. At any time, defense counsel may seek leave from the Government to allow materials designated as Sensitive Disclosure Material to be maintained, retained, or kept by the defendants ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material with the defendants; (ii) provide defense counsel with a redacted version of the Requested Material that may be shared with the defendants; or (iii) provide defense counsel with an explanation as to why the Requested Material cannot be shared with the defendants at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government will make all practicable efforts to oblige defense counsel requests to share Requested Material.

9. In the event of any dispute as to the Government's designation of particular material as Confidential Information or Sensitive Disclosure Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such

material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Confidential Information or Sensitive Disclosure Material designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of material as Confidential Information or Sensitive Disclosure Material shall be controlling.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

*[signed]* Kaylan E. Lasky          Date: 11/1/2021

Kaylan E. Lasky /
Matthew Weinberg
Assistant United States Attorneys


_____     Date: _____
Katryna Lyn Spearman, Esq.
Counsel for Adedayo John

[signature blocks continued on next page]

5

| | |
|---|---|
| *s/ Katryna Lyn Spearman, Esq.* <br> Katryna Lyn Spearman, Esq. <br> Counsel for Adedayo John | Date: October 26, 2021 |

[signature blocks continued on next page]

| | |
|---|---|
| _____ <br> Ezra Spilke, Esq. <br> Counsel for Oluwadamilola Akinpelu | Date: _____ |
| _____ <br> Steven Goldstein, Esq. <br> Counsel for Kazeem Raheem | Date: _____ |
| _____ <br> Steven Brill, Esq. <br> Counsel for Morakinyo Gbeyide | Date: _____ |
| _____ <br> Amy Gallicchio, Esq. <br> Counsel for Warris Adenuga | Date: _____ |
| _____ <br> Arlo Devlin-Brown, Esq. <br> Counsel for Smart Agunbiade | Date: _____ |
| _____ <br> Raoul Zaltzberg, Esq. <br> Counsel for Lateef Goloba | Date: _____ |
| _____ <br> Elena Fast, Esq. <br> Counsel for Samsondeen Goloba | Date: _____ |

*Ezra Spilke*            Date: 10/26/2021
_____
Ezra Spilke, Esq.
Counsel for Oluwadamilola Akinpelu

           Date: _____
_____
Steven Goldstein, Esq.
Counsel for Kazeem Raheem

           Date: _____
_____
Steven Brill, Esq.
Counsel for Morakinyo Gbeyide

           Date: _____
_____
Amy Gallicchio, Esq.
Counsel for Warris Adenuga

           Date: _____
_____
Arlo Devlin-Brown, Esq.
Counsel for Smart Agunbiade

           Date: _____
_____
Raoul Zaltzberg, Esq.
Counsel for Lateef Goloba

           Date: _____
_____
Elena Fast, Esq.
Counsel for Samsondeen Goloba

           Date: _____
_____
Richard Palma, Esq.
Counsel for Olawale Olaniyan

[signature blocks continued on next page]

_____  Date: _____
Ezra Spilke, Esq.
Counsel for Oluwadamilola Akinpelu

/s/ _____  Date: 10/28/2021
Steven Goldstein, Esq.
Counsel for Kazeem Raheem


_____  Date: _____
Steven Brill, Esq.
Counsel for Morakinyo Gbeyide


_____  Date: _____
Amy Gallicchio, Esq.
Counsel for Warris Adenuga


_____  Date: _____
Arlo Devlin-Brown, Esq.
Counsel for Smart Agunbiade


_____  Date: _____
Raoul Zaltzberg, Esq.
Counsel for Lateef Goloba


_____  Date: _____
Elena Fast, Esq.
Counsel for Samsondeen Goloba


_____  Date: _____
Richard Palma, Esq.
Counsel for Olawale Olaniyan


[signature blocks continued on next page]

6

_____          Date: _____
Ezra Spilke, Esq.
Counsel for Oluwadamilola Akinpelu


_____          Date: _____
Steven Goldstein, Esq.
Counsel for Kazeem Raheem


*[signature: Steven Brill]*

_____          Date: October 26, 2021
Steven Brill, Esq.
Counsel for Morakinyo Gbeyide


_____          Date: _____
Amy Gallicchio, Esq.
Counsel for Warris Adenuga


_____          Date: _____
Arlo Devlin-Brown, Esq.
Counsel for Smart Agunbiade


_____          Date: _____
Raoul Zaltzberg, Esq.
Counsel for Lateef Goloba


_____          Date: _____
Elena Fast, Esq.
Counsel for Samsondeen Goloba


_____          Date: _____
Richard Palma, Esq.
Counsel for Olawale Olaniyan


6

_____  Date: _____
Ezra Spilke, Esq.
Counsel for Oluwadamilola Akinpelu


_____  Date: _____
Steven Goldstein, Esq.
Counsel for Kazeem Raheem


_____  Date: _____
Steven Brill, Esq.
Counsel for Morakinyo Gbeyide


_____ For Amy Gallicchio  Date: October 29, 2021
Amy Gallicchio, Esq.
Counsel for Warris Adenuga


_____  Date: _____
Arlo Devlin-Brown, Esq.
Counsel for Smart Agunbiade


_____  Date: _____
Raoul Zaltzberg, Esq.
Counsel for Lateef Goloba


_____  Date: _____
Elena Fast, Esq.
Counsel for Samsondeen Goloba


_____  Date: _____
Richard Palma, Esq.
Counsel for Olawale Olaniyan


[signature blocks continued on next page]

6

_____          Date: _____
Ezra Spilke, Esq.
Counsel for Oluwadamilola Akinpelu


_____          Date: _____
Steven Goldstein, Esq.
Counsel for Kazeem Raheem


_____          Date: _____
Steven Brill, Esq.
Counsel for Morakinyo Gbeyide


_____          Date: _____
Amy Gallicchio, Esq.
Counsel for Warris Adenuga


*/s/ Arlo Devlin-Brown*                 Date: 10/26/21
Arlo Devlin-Brown, Esq.
Counsel for Smart Agunbiade


_____          Date: _____
Raoul Zaltzberg, Esq.
Counsel for Lateef Goloba


_____          Date: _____
Elena Fast, Esq.
Counsel for Samsondeen Goloba


_____          Date: _____
Richard Palma, Esq.
Counsel for Olawale Olaniyan


[signature blocks continued on next page]

_____  Date: _____
Steven Goldstein, Esq.
Counsel for Kazeem Raheem


_____  Date: _____
Steven Brill, Esq.
Counsel for Morakinyo Gbeyide


_____  Date: _____
Amy Gallicchio, Esq.
Counsel for Warris Adenuga


_____  Date: _____
Arlo Devlin-Brown, Esq.
Counsel for Smart Agunbiade


*Raoul Zaltzberg*  Date: 10-27-21
Raoul Zaltzberg, Esq.
Counsel for Lateef Goloba


_____  Date: _____
Elena Fast, Esq.
Counsel for Samsondeen Goloba


_____  Date: _____
Richard Palma, Esq.
Counsel for Olawale Olaniyan


[signature blocks continued on next page]

_____  Date: _____
Ezra Spilke, Esq.
Counsel for Oluwadamilola Akinpelu


_____  Date: _____
Steven Goldstein, Esq.
Counsel for Kazeem Raheem


_____  Date: _____
Steven Brill, Esq.
Counsel for Morakinyo Gbeyide


_____  Date: _____
Amy Gallicchio, Esq.
Counsel for Warris Adenuga


_____  Date: _____
Arlo Devlin-Brown, Esq.
Counsel for Smart Agunbiade


_____  Date: _____
Raoul Zaltzberg, Esq.
Counsel for Lateef Goloba


_____  Date: __10-27-2021__
Elena Fast, Esq.
Counsel for Samsondeen Goloba


_____  Date: _____
Richard Palma, Esq.
Counsel for Olawale Olaniyan


[signature blocks continued on next page]

6

Counsel for Kazeem Kaneem

_____  Date: _____
Steven Brill, Esq.
Counsel for Morakinyo Gbeyide


_____  Date: _____
Amy Gallicchio, Esq.
Counsel for Warris Adenuga


_____  Date: _____
Arlo Devlin-Brown, Esq.
Counsel for Smart Agunbiade


_____  Date: _____
Raoul Zaltzberg, Esq.
Counsel for Lateef Goloba


_____  Date: _____
Elena Fast, Esq.
Counsel for Samsondeen Goloba

Richard Palma
Digitally signed by Richard Palma
Date: 2021.10.29 10:31:02 -04'00'

Date: October 29, 2021

Richard Palma, Esq.
Counsel for Olawale Olaniyan

_____  Date: _____
David Touger, Esq.
Counsel for Olawoyin Peter Olarewaju

_____  Date: _____
Antonia Apps, Esq.
Counsel for Emmanuel Oronsaye-Ajayi

SO ORDERED:

Dated: New York, New York
       October ___, 2021

_____
THE HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

_____  Date: _____
David Touger, Esq.
Counsel for Olawoyin Peter Olarewaju

*[signature: Antonia Apps]*  Date: October 27, 2021
Antonia Apps, Esq.
Counsel for Emmanuel Oronsaye-Ajayi


SO ORDERED:

Dated: New York, New York
~~October~~ November 2, 2021

*[signature: Loretta A. Preska]*
THE HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

7