**UNITED STATES**
**v**
**JOHN ADEDAYO**
**No. 21-CR-609**

02/06/2026

## DEFENDANT'S RESPONSE
## BRIEF

Now in court, the defendant John Adedayo in pro se capacity respectfully, and humbly addressing the government's opposition to his Motion for sentence reduction pursuant to 18 U.S.C. 3582(c)(2) through Amendment 821, and his Habeas Motion pursuant to 2255. The government's arguments that 1) "The court should deny the defendant's sentence reduction motion because the defendant was sentenced under the 2023 guidelines" is entirely lacking, and 2) "The court should deny the defendant's Habeas Motion because defendant arguments regarding counsel's alleged ineffectiveness are entirely contradicted by the record" is false because the government failed to show an instance proving that the defendant's attorney adequately explained the Guidelines, inadequate discovery, adequately explain his plea. So that the defendant was not entitled to effective assistance of counsel during the critical steps of plea agreements. Therefore, the defendant's motions should be granted.

### A. Response To The Government's Opposition That "The defendant was already sentenced under the 2023 Guidelines"
   1. The fact that the defendant was sentenced after 2023 does not mean he received the 2 point reduction for 0 category offender.

### LAW There
There are two steps in determining a sentence reduction. First, the court must determine whether the defendant is eligible for a sentence reduction under the amendment to the guidelines see Dillon, 560 U.S. at 827. In making that determination, the district court must calculate "the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time the defendant was sentenced," while leaving all other guideline application decisions unaffected U.S.S.G. § 1B1.10(b)(1). If the bottom of the amended guideline range is lower than the sentence that the defendant received, then the defendant is eligible for a reduction.

### Step 2
Whether the Section 3553(a) factors weigh in favor of a reduction see **UNITED STATES v MOCK**, 612 F.3d 133, 137 (2d Cir 2016).
The defendant is eligible for a reduction in his sentence because he is a zero-point offender. It is readily apparent that Amendment 821's creation of a new reduction for zero-point offenders effects a substantive change to the guidelines and does not merely clarify the guidelines application. *Jesurum*, 819 F.3d at 672–73, see also § 821 U.S.S.G. 4C1.1(a)(1).

The Government points to no instance in the record where the Honorable Court, after calculating the applicable guidelines, subtracted 2 points for the defendant being a zero point offender. Therefore the defendant's motion must be granted.

## B. RESPONSE TO THE GOVERNMENT OPP ASSERTING "DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE IS MERITLESS"

### 1. Deficient Performance

Counsel's performance is deficient if he failed to adequately discuss the plea available to the defendant and if he failed to adequately explain the inculpatory discovery against him. As asserted by the defendant, counsel's performance was deficient and the government makes no argument that these instances asserted by the defendant are not a crucial stage of proceeding.

The government points to the fact that the defendant allocated to his guilt. It is obvious this is by the advisement of counsel.

The government failed to show an instance that his attorney denies failing to adequately explain the overwhelming inculpatory evidence.

The defendant is entitled to effective assistance of counsel through all crucial stages of the proceeding and plea negotiations, and discovery review is a crucial stage.

### 2. Prejudice

The defendant endured prejudice because the plea deal which was more favorable was taken off the table. Had counsel adequately explained to the defendant the gravamen of what he had to surmount; the defendant would have taken the first deal. Therefore, the Defendant's motions should be granted.

## CONCLUSION

Based on the arguments stated above, the defendant prays for relief from his conviction and sentence. Additionally, the defendant prays for his pleadings to be construed in favor of liberty.


Adedayo D John
69365-509
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

xpress

Extremely Urgent



BILLING: P/P

UPS 2ND DAY AIR

TRACKING #: 1Z 9WT 0G7 02 3846 4025

NY 102 9-10

2

SHIP TO:
US DISTRICT COURT
RM 120
500 PEARL ST
NEW YORK NY
Criminal
Docketing
10007

BRENDA MENGOT
9733134071
BRENDA MENGOT
29267 PIKES PEAK DR
KATY TX 77494

1 LBS
DWT: 14.9.1

1 OF 1

RECEIVED
MAR 2 - 2026
CLERK'S OFFICE
S.D.N.Y.

