IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK

ADEDAYO JOHN,
PETITIONER,

V. CASE NO. 1:S1 21CR000609-001

UNITED STATES OF AMERICA,
RESPONDENT.

DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES

COMES NOW, Petitioner (Defendant), Pro-Se, and respectfully moves this Honorable Court to reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G. § 1B1.10). In support of this Motion, Defendant states as follows:

**I. BACKROUND**

1. On June 6, 2024, this Court sentenced Defendant to a term of 84 months, and 3 years supervision, following a conviction for 18:1956(h) and 18:1349.

2. At original sentencing, Defendant's total offense level was calculated correctly, and total criminal history points were assessed, placing Defendant in Criminal History Catagory 1.

Effective November 1, 2023, the United States Sentencing Commission promulgated Amendment 821 to the Sentencing Guidelines and designated Parts A and B, Subpart 1 of Amendment 821 for retroactive application pursuant to U.S.S.G. § 1B1.10(d).

**II. LEGAL FRAMEWORK & STATUTORY AUTHORIZATION**

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a term of imprisonment if the defendant was sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court established a mandatory two-step inquiry for § 3582(c)(2) motions:

Step One (Eligibility): The court must determine whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10 by recalculating the amended guideline range that would have applied had the amendment been in effect at the time of original sentencing, keeping all other original guideline findings intact. Dillon, 560 U.S. at 827.

Step Two (Discretion under § 3553(a): The court must consider applicable factors under 18 U.S.C. § 3553(a) and determine whether, in its discretion, the authorized reduction is warranted under the particular circumstances of the case. *Id*. at 827; see also United States v. Hughes, 138 S.Ct. 1765,1775 (2018).

**III. ARGUMENT**

A. Step One: Defendant is Eligible for Sentence Reduction Under Amendment 821.

OPTION 1. PART A- STATUS POINTS REDUCTION (§ 4A1.1(e))

Under Amendment 821, part A, U.S.S.G. § 4A1.1 was amended regarding "staus points." Under amended § 4A1.1(e), a defendant with 6 or fewer criminal history points receives zero status points, and a defendant with 7 or more criminal history points receives only 1 status point. At original sentencing, Mr. John had zero criminal history points, which qualifies him for the below section of the Amendment.

OPTION TWO. PART B- ZERO-POINT OFFENDER ADJUSTMENT (§ 4C1.1)

Under Amendment 821, Part B, Subpart 1 (U.S.S.G. § 4C1.1), a defendant receives a 2-level decrease in offense level if they had zero criminal history points at sentencing and satisfy the criteria in § 4 C1.1(a).

Applying the 2-level reduction brings Defendant's offense level from [Original Level] to and [Amended Level], yielding an amended guideline range of 60 months.

B. Step Two: The 18 U.S.C. § 3553(a) Factors Warrant the Requested Reduction.

Under Step Two of Dillon, the Section 3553(a) factors strongly support reducing Defendant's sentence to the low end of the amended guideline range:

1. Post-Sentencing Rehabilitation, U.S.S.G. § 1B1.10, Application Note 1(B)(iii) explicitly authorizes courts to consider post-sentencing conduct. See also Pepper v. United States, 562 U.S. 476, 491 (2011) (evidence of post-sentencing rehabilitation provides the most up-to-date picture of a defendant's character). Since incarceration, Defendant has demonstrated exceptional committment to self-improvement:

Education & Programs. Completed numerous programs indide of the Bureau of Prisons, (See Educational Transcript in Sentry).

Public Safety. Defendant's institutional record and low risk score (PATTERN assessment) demonstrate that early release poses nom threat to public safety.

## CONCLUSION

### IV. PRAYER FOR RELIEF

WHEREFORE, Defendant, Adedayo John, respectfully requests this Honorable Court to GRANT this Motion, recalculate Defendant's guideline range pursuant to Amendment 821, and reduce Defendant's sentence of imprisonment to the amended term of 60 months, or time served.

Dated: November 13, 2026

Respectfully Submitted:

Adedayo John

# CERTIFICATE OF SERVICE

Petitioner, Adedayo John, declares under the penalty of perjury, that the afformentioned motion, was mailed via the United States Postal Service, Postage, Pre-Paid, and sent to the following address:

United States District Court
40 Centre Street
New York, New York 10007

United States Attorney's Office

Through CM/ECF

Submitted:

Adedayo John
Reg.No. 69365-509
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, N.J. 08640

Adedayo John
Reg.No. 69365-509
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, N.J. 08640



FILED
U.S. DISTRICT COURT
2026 NOV 23 PM 1:18
S.D. OF N.Y.

United States District Court
40 Centre Street
New York, New York 10007